UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:25-cv-03522-AH (ASx) | Date June 20, 2025 |
| Title *Rudy Gilbert Padilla v. Ames Construction, Inc.* | |

Present: The Honorable    Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER DENYING MOTION TO REMAND [DKT. NO. 16] AND GRANTING IN PART MOTION FOR JUDGMENT ON THE PLEADINGS [DKT. NO. 15]

Before the Court are two motions. First, is a Motion to Remand filed by Plaintiff Rudy Gilbert Padilla ("Plaintiff"). Dkt. No. 16 ("Remand Mot."). Second, is a Motion for Judgment on the Pleadings filed by Defendant Ames Construction, Inc. ("Defendant"). Dkt. No. 15 ("MJOP"). Both parties filed oppositions and replies. *See* Dkt. Nos. 18–19, 21–22. The Court has reviewed and considered the parties' briefing and heard oral argument on June 18, 2025. For the following reasons, the Court **DENIES** the Motion to Remand and **GRANTS in part** the MJOP.

I.    BACKGROUND

Plaintiff was employed by Defendant from October 2023 until March 2025. Decl. of Alexandria Rafizadeh ("Rafizadeh Decl.") ¶ 9, Ex. 6 (First Amend. Compl. or "FAC") ¶ 8, Dkt. No. 1-2. In the FAC, Plaintiff alleges that Defendant failed to pay Plaintiff for all hours worked, failed to provide Plaintiff uninterrupted meal periods and rest periods, failed to reimburse Plaintiff for necessary business expenses, failed to pay all final wages when Defendant terminated his

employment, and failed to furnish accurate wage statements. *See, e.g.,* FAC ¶¶ 1, 15. Plaintiff brings his claims on behalf of a class. FAC ¶ 2.

Based on those allegations, Plaintiff filed a complaint in Los Angeles County Superior Court on January 7, 2025, asserting, on behalf of himself and a putative class, eight causes of action: (1) Failure to Pay Minimum Wages, in violation of California Labor Code ("Labor Code") sections 204, 1194, 1194.2 and 1197; (2) Failure to Pay Overtime Compensation, in violation of Labor Code sections 1194 and 1198; (3) Failure to Provide Meal Periods, in violation of Labor Code sections 226.7 and 512; (4) Failure to Authorize and Permit Rest Breaks, in violation of Labor Code section 226.7; (5) Failure to Indemnify Necessary Business Expenses, in violation of Labor Code section 2802; (6) Failure to Timely Pay Final Wages at Termination, in violation of Labor Code sections 201–203; (7) Failure to Provide Accurate Itemized Wage Statements, in violation of Labor Code section 226; and (8) Unfair Business Practices, pursuant to California Business and Professions Code section 17200, et seq. *See* Rafizadeh Decl. ¶ 4, Ex. 1. On March 14, 2025, Plaintiff filed a First Amended Complaint, adding a cause of action under the Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code § 2699, et seq. *See* FAC.

On April 21, 2025, Defendant removed this case to federal court, claiming that Plaintiff's causes of action are preempted by § 301 of the Labor Management Relations Act ("LMRA"), 28 U.S.C. § 185, due to a controlling collective bargaining agreement. *See* Notice of Removal ("NOR") at 1, Dkt. No. 1; *see also* Decl. of Samantha Lucas ("Lucas Decl.") ¶ 6, Ex. B at 62, Dkt. No. 1-4 (the collective bargaining agreement or "CBA").

On May 16, 2025, Defendant filed its Motion for Judgement on the Pleadings. *See* MJOP. On May 21, 2025, Plaintiff filed his Motion to Remand. *See* Remand Mot.

On May 28, 2025, Defendant opposed the Motion to Remand, Dkt. No. 18 ("Remand Opp'n"), and Plaintiff opposed the Motion for Judgement on the pleadings, Dkt. No. 19 ("MJOP Opp'n"). On June 4, 2025, Plaintiff filed a reply in support of the Motion to Remand, Dkt. No. 21 ("Remand Reply"), and Defendant filed a reply in support of the Motion for Judgment on the Pleadings, Dkt. No. 22 ("MJOP Reply").

## II.  PLAINTIFF'S MOTION TO REMAND

### A.  Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See* 28 U.S.C. § 1447(c). The party invoking the federal court's removal jurisdiction bears the burden of establishing federal jurisdiction, *see Emrich v. Toche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988), and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," *see Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (internal quotation and citation omitted). "To determine whether the removing party has met its burden, a court may consider the contents of the removal petition and 'summary-judgment-type evidence.'" *Tanious v. Gattoni*, 533 F. Supp. 3d 770, 775 (N.D. Cal. 2021) (quoting *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004)).

### B.  Applicability of the Collective Bargaining Agreement

The Court finds that the CBA covers Plaintiff's employment. Plaintiff argues that Defendant has not sufficiently established that Plaintiff and the putative class were covered by the CBA. Remand Mot. at 4. Specifically, Plaintiff argues that Defendant only supports the applicability of the CBA with a declaration and a "new hire" document. *Id.* Defendant responds that Plaintiff was hired into a union construction position, and even if he was not, the CBA would still cover Plaintiff's employment. Remand Opp'n at 10.

"When a collective bargaining agreement defines covered employees by job classification, it generally covers 'all employees within those classifications, regardless of union membership.'" *Trs. of S. Cal. IBEW-NECA Pension Tr. Fund v. Flores*, 519 F.3d 1045, 1047 (9th Cir. 2008) (quoting *Teamster's Local 348 Health & Welfare Fund v. Kohn Beverage Co.*, 749 F.2d 315, 318 (6th Cir. 1984)). The Ninth Circuit held that the collective bargaining agreement covered both union and nonunion employees when it provided coverage to certain types of employees and provided a "detailed list of excluded job classifications." *Id.*

Defendant is a member of the Southern California Contractors Association, Inc. (SCCA). Lucas Decl. ¶ 3. The SCCA entered into a CBA with the International Union of Operating Engineers. Lucas Decl. ¶¶ 3, 6, Ex. B. Plaintiff was hired as an Operator, Group 8. Lucas Decl. ¶ 5, Ex. A. The CBA here

contains language sufficient to meet the standard set forth above. *See, e.g.*, CBA at 2 ("This Agreement shall apply to and cover all hours of employment of each employee of the Contractors, including Developers, Builders, or Construction Managers and to Owner-Builders . . ." ), 9 (the Union is "the sole and exclusive bargaining representative of all employees and persons employed to perform work covered by this agreement"). The CBA also provides that it does not cover some employees, such as "executives, superintendents, assistant superintendents, master mechanics, office engineers, timekeepers, messenger boys, office workers," etc. CBA at 4. Therefore, the CBA covers both union and nonunion members, including Plaintiff.[1]

     **C.**     **Timeliness of Removal**

The parties dispute whether Defendant timely removed the complaint to federal court. *See* Remand Mot. at 12–13; Remand Opp'n at 2–6. Plaintiff served the complaint on Defendant on January 13, 2025. Rafizadeh Decl. ¶ 6, Ex. 3. Defendant removed the case to this Court on April 21, 2025. *See generally* NOR.

Section 1446(b)(1) requires a defendant to file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Class actions are removed pursuant to 28 U.S.C. § 1446. *See* 28

---

[1] Plaintiff also fails to address Defendant's assertion that he worked in a position represented by the union, NOR at 7, or that he was a union member, *see* Lucas Decl. ¶ 5 (stating that Plaintiff was a part of the "International Union of Operating Engineers, Local Union No. 12"); *see also* Remand Reply.

To the extent Plaintiff argues that the CBA is inapplicable because some putative class members may have worked before the CBA was in effect, *see* Remand Mot. at 4, "[t]he usual rule in class actions is that to establish subject matter jurisdiction one looks only to the named plaintiffs and their claims." *Gonzalez v. United States Immigr. & Customs Enf't*, 975 F.3d 788, 810 (9th Cir. 2020) (citation omitted).

U.S.C. § 1453(b) ("A class action may be removed to a district court of the United States in accordance with section 1446.").

"While § 1446(b)(1) requires only a pleading that 'set[s] forth' a ground for removal to start the removal clock under the first pathway, § 1446(b)(3)'s second pathway requires an amended pleading, motion, order, or other paper from which a ground for removal may be 'ascertained.'" *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1093 (9th Cir. 2021).

The FAC does not plead facts concerning the existence of the CBA, so the first thirty-day clock was not triggered. *See generally* FAC. Under *Harris*, "[t]he ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005).

Plaintiff's argument that Defendant should have applied a reasonable amount of intelligence in determining that the CBA applied is unpersuasive. Reply at 2 (citing *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013)).[2] Plaintiff in essence argues that because Defendant makes broad assertions of the coverage of the CBA, removal was evident in the complaint. *Id.* The Ninth Circuit has explained, however, that "even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). Here, although Defendant had in its possession the CBA, it was not required to investigate the CBA to determine the grounds for removability. Accordingly, the Court finds that Defendant's removal was timely.

---

[2] Plaintiff's citation to *Kuxhausen* is misplaced because there the Ninth Circuit found that although defendants are required to apply a "reasonable amount of intelligence in ascertaining removability," and "[m]ultiplying figures clearly stated in a complaint is an aspect of that duty," defendants nevertheless have no duty to consult their own financial records to identify a valuation of class claims. 707 F.3d at 1140–41. Similarly, here, Defendant has no duty to consult its records to determine the applicability of the CBA.

### D. Subject Matter Jurisdiction

Plaintiff also argues that Defendant has not established federal question jurisdiction in the removal of this action. Remand Mot. at 4–10. Defendant argues that complete federal preemption under § 301 of the LMRA provides a proper basis for removal. Remand Opp'n at 6.

Under the "well-pleaded complaint" rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, "[a] corollary to the well-pleaded complaint rule is the 'complete preemption' doctrine, which applies in cases in which 'the preemptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *In re NOS Commc'ns, MDL No. 1357*, 495 F.3d 1052, 1057 (9th Cir. 2007) (quoting *Caterpillar*, 482 U.S. at 393). Section 301 of the LMRA has such "extraordinary" preemptive power. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (citing *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)).

"[T]he Supreme Court has long interpreted the LMRA as authorizing federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts." *Id.* at 1151 (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985) and *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962)). Thus, preemption by the LMRA may arise in cases where a plaintiff files a complaint asserting state law claims, but his employment was governed by a collective bargaining agreement.

The preemptive power of § 301 of the LMRA is not limitless. Section 301 may not be read so broadly as to "pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Curtis*, 913 F.3d at 1152 (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994)). If a "claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to [a collective bargaining agreement] in mounting a defense." *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001). Likewise, if a contract cannot waive or alter a state law, and if the rights of the state law can be enforced without consideration of the contract's terms, § 301 preemption does not apply. *Miller v. AT & T Network Sys.*, 850 F.2d 543, 546 (9th Cir. 1988); *see Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016) ("Critically,

'not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301.'").

To determine if § 301 preemption applies, courts apply the Ninth Circuit's two-step analysis articulated in *Burnside v. Kiewit Pacific Corporation*, 491 F.3d 1053 (9th Cir. 2007). *Curtis*, 913 F.3d at 1152. First, if the asserted cause of action involves a "right [that] exists solely as a result of the [collective bargaining agreement]," then the claim is preempted, and the analysis ends without proceeding to step two. *Id.* (quoting *Kobold*, 832 F.3d at 1032; *Burnside*, 491 F.3d at 1059); *see also Jimenez v. Young's Mkt. Co., LLC*, 2021 WL 5999082, at *7 (N.D. Cal. Dec. 20, 2021) (collecting cases holding that the affirmative defense of § 301 alone is sufficient to raise a federal question when a collective bargaining agreement meets the exemption requirements under the applicable statute).

If not, the court proceeds to the second step and asks whether a plaintiff's state law right is nevertheless "substantially dependent" on analysis of the collective bargaining agreement. *Burnside*, 491 F.3d at 1059. This second step "turns on whether the claim cannot be resolved by simply 'look[ing] to' versus 'interpreting' the [collective bargaining agreement]." *Curtis*, 913 F.3d at 1153 (citing *Kobold*, 832 F.3d at 1033). Interpretation is construed narrowly in this context, it means something more than consider, refer to, or apply. *Id.*; *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000). If claims are dependent on the interpretation of the collective bargaining agreement, then the claim is preempted by § 301; if not, the claim may proceed under state law. *Burnside*, 491 F.3d at 1059–60.

Defendant argues that each of Plaintiff's claims is preempted by § 301 of the LMRA. The Court thus addresses each claim.

### 1. **Overtime Claim**

Defendant argues that Plaintiff's overtime claim is preempted because of the exemption set forth in Labor Code section 514. Remand Opp'n at 11. In *Curtis*, the Ninth Circuit held that if the CBA meets the requirements of Labor Code section 514, section 510 "does not apply" and the employee's "right to overtime 'exists solely as a result of the CBA,' and therefore is preempted under § 301." 913 F.3d at 1154 (quoting *Kobold*, 832 F.3d at 1032).

A collective bargaining agreement satisfies the requirements of section 514 if it expressly provides for "the wages, hours of work, and working conditions of the employees, and . . . premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514.

Here, the CBA meets the requirements of section 514. Specifically, the CBA provides for: the wages, hours of work, and working conditions of employees, *see* CBA at 32–62, 68–94; the premium wage rates for all overtime hours worked, CBA at 32–33; and the regular hourly rate of pay for covered employees was greater than 30% above the state minimum wage, *see* CBA at 68–94 (appendices providing for wages two and half times the state minimum wage, with the lowest minimum wage for apprentices at an amount still higher than 130% of the minimum wage).

Plaintiff argues the overtime claim should not be preempted because the CBA does not provide for an alternative workweek schedule, as provided in section 510(a)(2). Remand Reply at 5. Section 510(a)(2) provides an exception to the payment of overtime wages to employees that work pursuant to "[a]n alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514." Cal. Lab. Code § 510(a)(2). Plaintiff cites to *Flournoy v. Watts Healthcare Corporation*, 2020 WL 5960686, at *3 (C.D. Cal. 2020), for the position that to be exempt under the LMRA, the CBA must meet the criteria of both sections 510(a)(2) and 514. *See* Remand Reply at 5. The Court finds more persuasive the reasoning of *Cathcart v. Sara Lee Corporation*, 2011 WL 5981849, at *3–*7 (N.D. Cal. 2011), and the many district courts that have followed similar reasoning. *See, e.g.*, *Castaneda v. Ardagh Glass Inc.*, 2024 WL 589088, at *4 (N.D. Cal. Feb. 13, 2024) (collecting cases and declining to follow *Flournoy*); *Johnson v. San Francisco Health Care and Rehab Inc.*, 2022 WL 2789809, at *3 (N.D. Cal. July 15, 2022) (finding that section 514 is not limited by section 510(a)(2)). Moreover, here, Plaintiff does not allege that he worked an alternative workweek schedule.

Plaintiff also cites to several district court cases that held the statutes providing exemptions, such as section 514, are inapplicable at this stage because they provide for an affirmative defense. *See* Remand Opp'n at 5–6 (citing *Sarfraz*, 2025 WL 449276, at *4–*5, and *Tercero v. C&S Logistics of Sacramento/Tracy LLC*, 2024 WL 4826348, at *12 (E.D. Cal. Nov. 19, 2024)). The Court declines to follow the reasoning of those other district court cases. First, several of the cases

relied on by *Sarfraz* predate *Curtis* which reiterated that "[a]lthough normally federal preemption is a defense that does not authorize removal to federal court, § 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" 913 F.3d at 1152 (citing *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)). "In other words, a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court." *See id*.

Second, to ignore statutory exemptions like section 514 would encourage the type of "artful pleading" that the Ninth Circuit discourages. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (encouraging courts to "look[] beyond the face of the complaint to determine whether the contract claim [is] in fact a § 301 claim for breach of a collective bargaining agreement 'artfully pleaded' to avoid federal jurisdiction").

Therefore, the Court finds that Plaintiff's overtime claim is preempted.

### 2. Meal Period Claim

A meal period claim is preempted at step one if the CBA meets the requirements of Labor Code section 512(e)–(f). This section, "exempts employees in a construction occupation from the meal period requirements of 512(a) if they are covered by a CBA that meets" the requirements of 512(e)(2).[3] *Blackwell v. Commercial Refrigeration Specialists, Inc.*, 2021 WL 2634501, at *5 (E.D. Cal. 2021). Section 512(e) provides that to be exempt, a CBA must provide for "the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate." Cal. Lab. Code § 512(e)(2).

As discussed above, the Court has found that the CBA provides for (1) the wages, hours, and working conditions of the employees; (2) premium wages for overtime hours; and (3) hourly rates of not less than 30 percent higher than minimum wages. *See* Section II(D)(1), *supra*. In addition, and relevant here, the

---

[3] The parties do not dispute that Plaintiff was employed in construction.

CBA provides for meal periods, *see* CBA at 38 and 58, and for final and binding arbitration, *see id.* at 21–23.[4]

Plaintiff argues that the CBA does not account for meal periods for shifts of ten or more hours generally and therefore Plaintiff's claims arise from state law and not the CBA. *See* Remand Reply at 6. However, the exemption in section 512(e)(2) requires that the CBA expressly provide for meal periods, which this CBA does. *See* CBA at 38 (providing for 30-minute, uninterrupted meal periods). "'Meal periods,' as used in Section 512(e), is best construed as at least one meal period per employee. Moreover, the ability to bargain away a second meal period is written into the statute itself: 'if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee.'" *Pyara v. Sysco Corp.*, 2016 WL 3916339 (E.D. Cal. 2016) (citations omitted). Plaintiff's claim is statutorily barred by Section 512(e) and therefore preempted.

### 3. Rest Period Claim

The Court next determines whether Plaintiff's rest period claim involves a right that exists solely as a result of the CBA. *Curtis*, 913 F.3d at 1152. Defendant argues that Plaintiff's rest period claim is barred by Labor Code section 226.7, which provides that it "shall not apply to an employee who is exempt from meal or rest or recovery period requirements pursuant to other state laws, including, but not limited to, a statute or regulation, standard, or order of the Industrial Welfare Commission." Cal. Lab. Code § 226.7(e). The applicable Wage Order, Wage Order 16, provides an exemption for collective bargaining agreements if the collective bargaining agreement provides a "final and binding mechanism for resolving disputes regarding enforcement of the rest period provisions" and if the "collective bargaining agreement provides equivalent protection" to the Wage Order. *See* Cal. Code Regs. tit. 8, § 11160(11)(D)–(E) (concerning Rest Periods).

Here, the CBA provides for final and binding resolution of disputes, including those involving Wage Order 16, *see* CBA at 21–24, and incorporates the protections of Wage Order 16, so both exemption requirements of the Wage Order apply, *see* CBA at 40 ("The parties to this Agreement recognize Industrial Wage

---

[4] The CBA refers to a prior version of the Labor Code that was in effect at the time the CBA became operative.

Order 16-2001"). Consequently, Plaintiff's rest period claim is preempted by § 301 of the LMRA.

### 4. Minimum Wage Claim

With respect to Plaintiff's minimum wage claim, Defendant argues that this claim is derivative of Plaintiff's overtime claim, and so to that extent, the minimum wage claim should be preempted. Remand Opp'n at 18. Plaintiff's first cause of action, for failure to pay minimum wage, alleges that "Defendants knowingly failed to pay Plaintiff and the Class compensation for all hours they worked. By their failure to pay compensation for each hour worked . . . , Defendants willfully violated the provisions of Section 1194 of the [] Labor Code" and that "Plaintiff and the Class are entitled to recover minimum wages for all non-overtime hours worked for Defendants." FAC ¶¶ 33–34. Defendant argues that Plaintiff's minimum wage claim is derivative of the overtime claim because Plaintiff also alleges that "Plaintiff and the Class have worked more than eight hours in a workday, as employees of Defendants." FAC ¶ 44. These two allegations are contradictory, and Defendant fails to address that contradiction. Specifically, Defendant does not account for the possibility that in some instances, Plaintiff or a member of the class may have worked less than eight hours in one day, but was paid for less time than they did work, which would not implicate overtime claims.

As Defendant makes no other argument under *Burnside* step one, the Court moves on to step two—whether resolving the dispute is substantially dependent on analysis of the CBA. *Burnside*, 491 F.3d at 1059. The Court finds the dispute here is hypothetical. Defendant argues that the minimum wage claim would require interpretation of the CBA's terms governing wages, but it is not clear at this time what Plaintiff's minimum wage claim truly concerns. And Plaintiff does not dispute the meaning of the terms of the CBA. Accordingly, Defendant has not established that the state law claim here requires interpretation of the CBA. *See Alaska Airlines v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018) ("Interpretation is construed narrowly; it means something more than consider, refer to, or apply. Accordingly, at this second step of an . . . LMRA § 301 preemption analysis, claims are only preempted to the extent there is an active dispute over the meaning of contract terms.") (internal quotation marks and citations omitted).

Because this claim and Plaintiff's preempted claims "derive from a common nucleus of operative fact," the Court finds it may exercise supplemental

jurisdiction over this claim. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); 28 U.S.C. § 1367(a).

### 5. Plaintiff's Derivative Claims

Defendant argues that Plaintiff's claims for (1) failure to pay wages due at termination, (2) wage statement violations, and (3) unfair business practices are derivative of the preempted claims, and thus preempted themselves. Plaintiff tacitly admits that these claims are derivative in his Reply when he argues that the derivative claims are not preempted because the underlying claims should not be preempted. *See* Remand Reply at 10 (arguing that "the Court must reject Defendant's argument that Plaintiff's derivative claims (for §§ 203 and 206 penalties and unfair business practices) are preempted"). Accordingly, to the extent the underlying claims are preempted, as discussed above, the Court finds that these claims are also preempted. *See, e.g., Vasquez v. Packaging Corp. of Am.*, 2019 WL 4543106, at *4 (C.D. Cal. June 7, 2019) (finding derivative claims preempted).

### 6. Expense Reimbursement Claim

Defendant also argues that Plaintiff's claim for unreimbursed business expenses is preempted by the LMRA under *Burnside* step two. Remand Opp'n at 20. Plaintiff alleges that Defendant failed to reimburse him for costs related to uniform maintenance and use of his personal cellphone. FAC ¶ 19. Several sections of the CBA concern reimbursement for different costs. *See, e.g.*, CBA at 46, 47 (governing reimbursement for some tools and reimbursement for jobsite transportation), 57 ("Employers shall be required to furnish rubber clothing, boots, safety hat, safety shoes or special gear"). Defendant argues that the CBA's provision regarding transportation expenses requires interpretation, but there is no connection between the alleged business expenses and transportation. *See* Remand Opp'n at 20. And like the minimum wage claim, there is no dispute about the terms of the CBA. *See Alaska Airlines*, 898 F.3d at 921. Accordingly, the Court finds that Plaintiff's minimum wage claim is not preempted by § 301 of the LMRA.

Like Plaintiff's minimum wage claim, the Court finds that this claim and the preempted claims "derive from a common nucleus of operative fact," so the Court may exercise supplemental jurisdiction over this claim. *United Mine Workers*, 383 U.S. at 725; 28 U.S.C. § 1367(a).

### 7. PAGA Claim

Defendant argues that Plaintiff's PAGA claim is preempted for two reasons: (1) because of a construction industry exemption in section 2699.6 of the Labor Code; and (2) because Plaintiff's PAGA claims are derivative of the preempted claims. Remand Opp'n at 21–22. The Court finds that Plaintiff's PAGA claim is preempted under Labor Code section 2699.6.

Section 2699.6 of the Labor Code provides that PAGA "shall not apply to an employee in the construction industry with respect to work performed under a valid collective bargaining agreement." Cal. Lab. Code § 2699.6. The statute also requires the collective bargaining agreement to expressly provide for "wages, hours of work, and working conditions of employees, premium wage rates for all overtime hours worked, and for the employee to receive a regular hourly pay rate of not less than 30 percent more than the state minimum wage rate." *Id.* In addition, the collective bargaining agreement must (1) "prohibit[] all of the violations of [PAGA] that would be redressable pursuant to this part"; (2) "expressly waive[] the requirements of this part in clear and unambiguous terms"; and (3) "authorize[] the arbitrator to award any and all remedies otherwise available under this code," with the exception for amounts that would be paid to the Labor and Workforce Development Agency. *Id.*

The Court has already described how the CBA covers requirements for wages, hours of work, working conditions, premium wage rates, and an hourly pay rate of not less than 30 percent or more than the state minimum wage. *See* Section II(D)(1), *supra*. The CBA also (1) prohibits "any and all" violations of PAGA; *see* CBA at 40, (2) expressly waives the provisions of PAGA; *see id.*, and (3) authorizes the arbitrator to award remedies otherwise available under PAGA, except for those payable to the Labor and Workforce Development Agency, *see id.* at 21–23. The PAGA claim is therefore barred by section 2699.6 of the Labor Code, *see Oswald v. Murray Plumbing and Heating Corp.*, 82 Cal. App. 5th 938, 941 (Cal. Ct. App. 2002), and is preempted by § 301 of the LMRA.

### 8. Defendant's Request to Strike

On June 6, 2025, Defendant filed a Request to Strike New Arguments Filed by Plaintiff. Dkt. No. 23. Defendant requests the Court strike Plaintiff's arguments in his Reply regarding alternative workweek schedules for Plaintiff's overtime claim and Plaintiff's argument in his Reply that the Labor Code section

2699.6 construction industry exemption does not apply to his PAGA claim. *Id.* at 2. The Court has considered Plaintiff's arguments in Reply and has found them unpersuasive. Accordingly, the Court **DENIES AS MOOT** Defendant's Request to Strike.

### E. Conclusion

For the reasons stated above, the Court **DENIES** the Motion to Remand.

## III. DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant moves for judgment on the pleadings on the same grounds it opposed Plaintiff's motion to remand. *See* Dkt. No. 15. Specifically, Defendant argues that because Plaintiff's claims are preempted by the LMRA, they must be dismissed. *Id.* Plaintiff argues that his claims are not preempted. Dkt. No. 19.

### A. Legal Standard

Federal Rule of Civil Procedure 12(c) allows parties to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). The standard for determining a Rule 12(c) motion for judgment on the pleadings is the same as the standard for a Rule 12(b)(6) motion to dismiss. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1053 & n.4 (9th Cir. 2011). On a Rule 12(c) motion, "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Id.* A court must not consider matters beyond the pleadings as such a proceeding must be treated as a motion for summary judgment. *Id.* "However, a court may consider facts that are contained in materials of which the court may take judicial notice when considering a motion for judgment on the pleadings." *Crosby v. Wells Fargo Bank, N.A.*, 42 F. Supp. 3d 1343, 1345 (C.D. Cal. 2014) (citing *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999)).

### B.  Discussion

Once a state law claim is found to be preempted under § 301, "that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law."  *Kobold*, 832 F.3d at 1034.  An employee can maintain a preempted claim "if she can demonstrate that her remedies under the . . . CBA were exhausted . . . or that her union breached its duty of fair representation in failing to do so."  *Kobold*, 832 F.3d at 1036 & 1034.

As discussed above, the Court finds that Plaintiff's claims are preempted by the LMRA, with the exception of Plaintiff's minimum wage claim and expense reimbursement claim, and any claims derivative of those claims.  Accordingly, the Court **GRANTS** Defendant's Motion for Judgment on the Pleadings as to the preempted claims.  Because the arguments on the Motion for Judgment on the Pleadings are substantially similar to those in the Motion to Remand, *see* MJOP and MJOP Reply, the Court **DENIES** Defendant's motion as to Plaintiff's minimum wage and expense reimbursement claims.

The Court will grant Plaintiff leave to amend on the limited grounds of whether Plaintiff exhausted his remedies under the CBA or if the union breached its duty of fair representation.  *See Carmen v. S.F. Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997) (holding "[c]ourts have discretion to grant leave to amend in conjunction with 12(c) motions, and may dismiss causes of action rather than grant judgment").

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand and **GRANTS IN PART** with leave to amend Defendant's Motion for Judgment on the Pleadings.  Any amended Complaint shall be filed within 14 days of the issuance of this Order.

**IT IS SO ORDERED.**